HENRY WEISSMANN (State Bar No. 132418)
RICHARD E. DROOYAN (State Bar No. 065672)
KAREN J. EPHRAIM (State Bar No. 233824)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702
Henry.Weissmann@mto.com
Richard.Drooyan@mto.com
Karen.Ephraim@mto.com

Attorneys for Defendants
VERIZON WIRELESS TELECOM INC. and
CELLCO PARTNERSHIP D/B/A VERIZON
WIRELESS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHANNON CARNEY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS TELECOM, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  2:09-CV-4804-R<br><br>**ANSWER OF DEFENDANTS VERIZON WIRELESS TELECOM, INC. AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS** |

8513334.2

ANSWER TO COMPLAINT
2:09-CV-4804-R

Defendants Verizon Wireless Telecom, Inc. ("Verizon Wireless Telecom") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") (collectively, "Defendants") hereby answer the Complaint filed by Plaintiff Shannon Carney.[1] Except as expressly admitted herein, Defendants deny any and all allegations set forth in the Complaint. Defendants further answer the numbered paragraphs in the Complaint as follows:

1. Defendants admit that Plaintiff has filed a purported class action by all persons in the State of California who purchased or received from Defendants a discounted or "free" phone as part of a bundled transaction who were charged sales tax on the full invoice price of the cell phone. Except as expressly admitted, Defendants deny the allegations in Paragraph 1, and in particular, deny that Verizon Wireless Telecom sold cell phones to Plaintiff or to the class she purports to represent.

2. Defendants admit that California law requires assessment of sales taxes on the full retail price of cell phones in bundled transactions and that Verizon Wireless generally passes the sales tax on bundled cell phone transactions on to consumers, as permitted by California law. Defendants deny that Verizon Wireless Telecom made any representations, and/or sold any cell phones, to Plaintiff or the class she purports to represent and Defendants deny that they made any false or misleading representations regarding the sales tax on bundled transactions. Except as expressly admitted or denied, Defendants state that Paragraph 2 contains legal conclusions to which no response is required, but that if a response is deemed required, Defendants deny the allegations in Paragraph 2.

3. Defendants lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and on that basis, deny those allegations.

---

[1] By answering the Complaint, Verizon Wireless Telecom in no way concedes that it is a proper defendant in this action.

4. Defendants admit that Verizon Wireless advertised, offered for sale, and sold cell phones to consumers in California in conjunction with the sale of wireless service agreements. Except as expressly admitted, Defendants deny the allegations in Paragraph 4, and in particular, deny that Verizon Wireless Telecom advertised, offered for sale, and sold cell phones to consumers in California in conjunction with the sale of wireless service agreements.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and on that basis, deny those allegations.

6. Defendants state that no response is required to Paragraph 6, but that to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants admit that Verizon Wireless has conducted business in the County of Los Angeles and in the State of California. Except as expressly admitted, Defendants state that Paragraph 8 contains legal conclusions to which no response is required, but that if a response is deemed required, Defendants deny the allegations in Paragraph 8. Defendants further deny that Verizon Wireless Telecom has conducted business in the County of Los Angeles and in the State of California.

9. Defendants admit that Verizon Wireless has conducted business in the County of Los Angeles and in the State of California. Except as expressly admitted, Defendants state that Paragraph 9 contains legal conclusions to which no response is required, but that if a response is deemed required, Defendants deny the allegations in Paragraph 9. Defendants further deny that Verizon Wireless Telecom has conducted business in the County of Los Angeles and in the State of California.

10. Defendants admit that Plaintiff purports to bring this action as a class action pursuant to California Civil Code section 1781 and California Code of Civil Procedure section 382 on behalf of a class as defined in Paragraph 10. Except

1  as expressly admitted, Defendants deny the allegations in Paragraph 10 and in
2  particular, deny that this case is appropriate for certification as a class action and
3  deny that this case is appropriately brought against Verizon Wireless Telecom.

4      11.   Defendants admit that the number of individuals in California
5  who fall within Plaintiff's class definition exceeds 100. Except as expressly
6  admitted, Defendants deny the allegations in Paragraph 11 and in particular, deny
7  that this case is appropriate for certification as a class action and deny that this case
8  is appropriately brought against Verizon Wireless Telecom.

9      12.   Defendants state that Paragraph 12 contains legal conclusions to
10 which no response is required, but that if a response is deemed required, Defendants
11 deny the allegations in Paragraph 12 and in particular, deny that this case is
12 appropriate for certification as a class action and deny that this case is appropriately
13 brought against Verizon Wireless Telecom.

14     13.   Defendants state that Paragraph 13 contains legal conclusions
15 and class allegations to which no response is required, but that if a response is
16 deemed required, Defendants deny the allegations in Paragraph 13 and in particular,
17 deny that this case is appropriate for certification as a class action and deny that this
18 case is appropriately brought against Verizon Wireless Telecom.

19     14.   Defendants state that Paragraph 14 contains legal conclusions
20 and class allegations to which no response is required, but that if a response is
21 deemed required, Defendants deny the allegations in Paragraph 14 and in particular,
22 deny that this case is appropriate for certification as a class action and deny that this
23 case is appropriately brought against Verizon Wireless Telecom.

24     15.   Defendants states that Paragraph 15 contains legal conclusions
25 and class allegations to which no response is required, but that if a response is
26 deemed required, Defendants deny the allegations in Paragraph 15 and in particular,
27 deny that this case is appropriate for certification as a class action and deny that this
28 case is appropriately brought against Verizon Wireless Telecom.

1   16. Verizon Wireless admits that on or about July 23, 2008, Verizon Wireless and Plaintiff engaged in a transaction wherein Plaintiff agreed to purchase a cell phone and to enter into a wireless service agreement with Verizon Wireless for a two-year period. Verizon Wireless admits that Plaintiff was charged a price of $99 for the phone and was charged sales tax of $23.10, which was based on the full retail price of the phone, $279.99. Except as expressly admitted, Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Verizon Wireless admits that it provided Plaintiff with a sales receipt in connection with the transaction, and refers to that sales receipt for its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 18.

19. Verizon Wireless admits that it provided Plaintiff with a written contract in connection with the transaction, and refers to that contract for its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Verizon Wireless admits that it received a letter from Plaintiff dated on or about February 18, 2009 and that Verizon Wireless responded by letter on or about February 24, 2004, and refers to those letters for their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

**FIRST CAUSE OF ACTION**

23. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 22 as if fully set forth herein.

24. Defendants admit that Plaintiff purports to bring a claim under the Consumer Legal Remedies Act ("CLRA") on behalf of a purported class of

8513334.2                           - 4 -                    ANSWER TO COMPLAINT
                                                              2:09-CV-4804-R

persons in the State of California who purchased or received from Defendants a discounted or free of charge cell phone as part of a bundled transaction who were charged sales tax on the full invoice price of the cell phone. Except as expressly admitted, Defendants deny the allegations in Paragraph 24 and in particular, deny that Verizon Wireless Telecom sold cell phones to Plaintiff or to the class she purports to represent.

25. Defendants state that Paragraph 25 contains legal conclusions to which no response is required.

26. Defendants state that Paragraph 26 contains legal conclusions to which no response is required.

27. Defendants state that Paragraph 27 contains legal conclusions to which no response is required.

28. Defendants state that Paragraph 28 contains legal conclusions to which no response is required.

29. Verizon Wireless admits that it received a letter by certified mail from Plaintiff dated on or about February 18, 2009 and that the letter was dated more than 30 days prior to the date on which Plaintiff filed her suit. Except as expressly admitted, Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants state that Paragraph 31 contains legal conclusions to which no response is required, but that if a response is deemed required, Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that Plaintiff purports to seek recovery of attorney's fees and costs, but deny that Plaintiff is entitled to such recovery or any recovery at all.

## SECOND CAUSE OF ACTION

37. Defendants repeat and incorporates by reference their answers to Paragraphs 1 through 36 as if fully set forth herein.

38. Defendants deny the allegations in Paragraph 38.
39. Defendants deny the allegations in Paragraph 39.
40. Defendants deny the allegations in Paragraph 40.
41. Defendants deny the allegations in Paragraph 41.
42. Defendants deny the allegations in Paragraph 42.
43. Defendants deny the allegations in Paragraph 43.
44. Defendants deny the allegations in Paragraph 44.
45. Defendants deny the allegations in Paragraph 45.
46. Defendants deny the allegations in Paragraph 46.
47. Defendants admit that Plaintiff purports to seek recovery of attorney's fees and costs, but deny that Plaintiff is entitled to such recovery or any recovery at all.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief she seeks individually or on behalf of the purported class in the Prayer, or to any relief at all.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without assuming any burden of proof not imposed by law, Defendants assert the following separate and independent affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
(Failure To State A Cause Of Action)

1. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Lack of Standing)

2. Plaintiff has no standing to assert any of the claims set forth in the Complaint, either on behalf of herself or as representative of any purported class, by reason of California's Proposition 64, Article III of the United States Constitution, and other applicable law.

**THIRD AFFIRMATIVE DEFENSE**
(Compliance With the Laws)

3. Plaintiff's claims are barred, in whole or in part, because Defendants have been in compliance with all statutes, regulations, and other laws in effect at the time of the conduct allegedly giving rise to Plaintiff's claims.

**FOURTH AFFIRMATIVE DEFENSE**
(Safe Harbor)

4. Plaintiff's claims are barred in whole or in part by the safe harbor created by Regs. title 18, § 1585 ("Regulation § 1585") and Civil Code § 1656.1.

**FIFTH AFFIRMATIVE DEFENSE**
(Unavailability of Restitution)

5. Restitution is not an available remedy under Business & Professions Code § 17200 et seq., or § 17500 et seq. because Plaintiff and the class she purports to represent have suffered no losses.

**SIXTH AFFIRMATIVE DEFENSE**
(Unavailability of Equitable Relief)

6. Plaintiff and the class she purports to represent are not entitled to equitable relief because they have adequate remedies at law, and no threat of harm exists to support a grant of injunctive relief.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver)

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE
### (Laches)

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Damages)

12. The Complaint, and each of the causes of action contained therein, is barred because Plaintiff has suffered no damages or injury by reason of any act or omission by Verizon Wireless.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

13. Defendants are informed and believes and, based thereon allege, that Plaintiff has failed to take reasonable steps to mitigate her alleged damages. Plaintiff accordingly is barred from recovery of any damages that might have been prevented by mitigation.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Proximate Cause)

14. To the extent that Plaintiffs suffered any damages in the matters alleged, such damages were proximately caused by persons, entities, and/or factors or events other than Defendants and for which Defendants were and are not responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Reduction in Damages)

15. Defendants aver that any award of damages in favor of Plaintiff must be decreased by the extent to which Plaintiff's own acts or omissions, or the acts or omissions of third parties, were a cause of said damages.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

16. Each cause of action is barred, in whole or in part, because Defendants' conduct has at all times been undertaken with legitimate business justification and in good faith belief in the lawfulness of its actions.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Due Process)

17. To the extent that Plaintiff purports to seek relief on behalf of any person who has not suffered any damages, the Complaint violates the right of Verizon Wireless to due process under the United States and California Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Truth)

18. Any statements made or actions taken by Defendants were truthful and accurate and were not likely to mislead or deceive Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE
(Consent)

19. Defendants aver on information and belief that this action is barred, in whole or in part, by the doctrine of consent.

### TWENTIETH AFFIRMATIVE DEFENSE
(Enjoyment of Benefits)

20. Plaintiff has enjoyed the benefits of one or more of the products or services that are the subject of the Complaint, and therefore is barred from making one or more of the claims for relief set out in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Voluntary Payment Doctrine)

21. Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Lack of Standing for Restitution)

22. Plaintiff lacks standing to sue for restitution under her causes of action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(No Immediate Threat of Harm)

23. No threat of immediate harm exists sufficient to support a grant of a temporary restraining order or injunctive relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Attorney's Fees)

24. To the extent Plaintiff seeks recovery of attorney's fees, such fees are not recoverable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(*Loeffler v. Target* and *Yabsley v. Cingular*)

25. Plaintiff's claims are barred, in whole or in part, by the California Court of Appeal's decisions in *Loeffler v. Target Corp.*, 173 Cal. App. 4th 1229 (2009) and *Yabsley v. Cingular Wireless, LLC*, 2009 WL 2517246, Slip Opinion No. B198827 (Cal. App. Div. 6 Aug. 19, 2009).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Exhaustion of Administrative Remedies)

26. Plaintiff and members of the purported class have failed to exhaust all of their administrative remedies and therefore are precluded from asserting the claims raised in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Arbitration)

27. Plaintiff's and the purported class members' claims are barred by their failure to arbitrate pursuant to the applicable provisions of their service agreements. Although Verizon Wireless has not moved to enforce its arbitration rights at the present time based on currently controlling case law in California and the Ninth Circuit, Verizon Wireless expressly reserves and does not waive its right to move to compel arbitration in the event of future developments in the applicable law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Other Defenses)

28. Verizon Wireless has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, defenses available based upon legal theories that may or will be divulged through discovery or further investigation.

WHEREFORE, Defendants demand judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by her Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor or Defendants;

3. That Defendants be awarded costs incurred by them in this action;

4. That Defendants be awarded such other and further relief as the Court deems just and proper.

DATED: August 21, 2009        MUNGER, TOLLES & OLSON LLP

By: /s/ Richard E. Drooyan
   RICHARD E. DROOYAN

Attorneys for Defendants
VERIZON WIRELESS TELECOM INC. AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS