UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON CARNEY,<br><br>                               Plaintiff,<br>vs.<br><br>VERIZON WIRELESS TELECOM, INC., et al.,<br>                              Defendants. | CASE NO. 09cv1854 DMS (AJB)<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND (2) GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>**[Docket No. 60]** |

       This case comes before the Court on Defendants' motion to compel arbitration and stay proceedings. Plaintiff filed an opposition to the motion, and Defendants filed a reply. After thoroughly considering the parties' briefs, evidence and the relevant legal authority, the Court denies Defendants' motion to compel and grants Defendants' motion to stay.

**I.**

**BACKGROUND**

      On July 23, 2008, Plaintiff purchased a cellular phone from a Verizon Wireless store in Sherman Oaks, California. (FAC ¶ 34.) The full retail price of the phone was $279.99, but Plaintiff paid a sale price of $99.99. (*Id.* ¶¶ 34-36.) Plaintiff alleges that at the time of purchase, a Verizon salesperson told her that Verizon was required by law to charge her sales tax on the full retail price of the phone as opposed to the sale price. (*Id.* ¶ 35.) As so calculated, the sales tax amounted to

1  $23.10. (*Id.*) Plaintiff alleges she asked a sales manager why Verizon calculated sales tax on the full
2  retail price of the phone as opposed to the sale price. (*Id.* ¶ 36.) The manager responded that
3  "Verizon was required by California state law to charge consumers the bundled sales tax." (*Id.*)
4  Plaintiff alleges that in deciding to purchase the phone from Verizon, she relied on the statements of
5  the Verizon employees that California law required her to pay the sales tax. (*Id.* ¶ 44.) Plaintiff also
6  alleges she relied on these representations in deciding to purchase another phone from Verizon in
7  January 2009. (*Id.* ¶¶ 45-46.)

8  In conjunction with these purchases, Plaintiff entered into a two-year wireless service
9  agreement with Verizon (the "Agreement"). (*Id.*) The Agreement contains a section entitled,
10 "Dispute Resolution and Mandatory Arbitration," in which the parties "agree to settle disputes (except
11 certain small claims) only by arbitration" (the "Arbitration Clause"). (Decl. of Ana Diaz in Supp. of
12 Mot., Ex. 3 at 20.)

## II.

## DISCUSSION

15 Relying on the Arbitration Clause, Defendants move to compel arbitration of Plaintiff's claims.
16 They also move to stay this case pending a decision by the Supreme Court in *AT&T Mobility LLC v.*
17 *Concepcion*, ___ U.S. ___, 130 S.Ct. 3322 (2010) ("*Concepcion*"). Plaintiff asserts the Arbitration
18 Clause is invalid pursuant to *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009), the decision
19 on which the Supreme Court granted certiorari in *Concepcion*. Even assuming the Arbitration Clause
20 is valid, Plaintiff argues the present dispute does not fall within the scope of the Arbitration Clause.
21 She also contends her request for injunctive relief is not subject to arbitration, and that Defendants
22 have waived their right to arbitrate. Plaintiff also opposes Defendants' motion to stay.

23 **A.    Motion to Compel**

24 Although Defendants have styled their motion as one to compel arbitration, they concede that
25 under "existing Ninth Circuit precedent, ... the parties' arbitration agreement in this case likely would
26 be deemed unconscionable under California law." (Mot. at 6.) Rather than seriously moving to
27 compel arbitration, Defendants appear to be seeking "to preserve their rights to compel" arbitration
28 / / /

1 should the Supreme Court reverse the Ninth Circuit's decision in *Laster*. (*Id.* at 1.) Based on this
2 approach, and the current law of the Ninth Circuit, Defendants' motion to compel arbitration is denied.
3      Whether the motion should be denied with or without prejudice, however, depends on the issue
4 of waiver. Plaintiff argues Defendants have waived their right to compel arbitration in light of the
5 actions they have taken thus far in this case. Defendants dispute this argument.
6      "Waiver of a contractual right to arbitration is not favored." *Fisher v. A.G. Becker Paribas*
7 *Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (citations omitted). "A party seeking to prove waiver of a right
8 to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts
9 inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from
10 such inconsistent acts." *Id.*
11     Plaintiff argues she meets each of these requirements. First, she asserts Defendants had
12 knowledge of their right to compel arbitration because they wrote the Agreement and the Agreement
13 was attached to the Complaint. Defendants do not dispute that they were aware of their right to
14 compel arbitration, but they do dispute when they became aware of that right. Under these
15 circumstances, Plaintiff has shown that Defendants knew of their right to compel arbitration.
16     Second, Plaintiff contends Defendants acted inconsistent with their right to compel arbitration
17 by engaging in litigation, specifically, removing the case from state court to federal court and filing
18 a motion to dismiss. However, at the time Defendants took those actions, they arguably had no right
19 to compel arbitration. Absent that right, there was no potential for inconsistency, and thus no waiver.
20 Accordingly, the Court denies Defendants' motion to compel without prejudice.
21 **B.     Motion to Stay**
22     The only other issue is whether the Court should stay this case pending the Supreme Court's
23 decision in *Concepcion*. The Court has stated:

> ... the power to stay proceedings is incidental to the power inherent in every court to
> control the disposition of the causes on its docket with economy of time and effort for
> itself, for counsel, and for litigants. How this can best be done calls for the exercise
> of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted).

> Among these competing interests are the possible damage which may result from the
> granting of a stay, the hardship or inequity which a party may suffer in being required

> to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The party seeking the stay:

> must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis*, 299 U.S. at 255.

Here, Defendants argue Plaintiff will not suffer any "damage" or prejudice if the case is stayed because the amount of her individual claim is $46.20. Plaintiff does not dispute the amount of her individual claim, but asserts that other consumers will be harmed if a stay is imposed because Defendants will be free to continue their offending conduct. However, any damage that consumers may suffer as a result of Defendants' conduct may be remedied by an award of damages. If Plaintiff's damages are representative of the damages of each class member, the amount of each class member's damages will be minimal. This factor therefore weighs against the imposition of a stay.

In contrast to the minimal damage suffered by Plaintiff and the individual members of her proposed class, Defendants would suffer more substantial hardships if a stay is not entered. Specifically, Defendants will have to defend against Plaintiff's claims in this litigation, presumably by engaging in fact and expert discovery, motion practice and trial preparation, all of which are absent from the arbitration process. *See Kaltwasser v. Cingular Wireless LLC*, No. C 07-00411 JF (PVT), 2010 WL 2557379, at *2 (N.D. Cal. June 21, 2010) (noting "the nature and extent of discovery permissible in private arbitration is fundamentally different from that allowed in class-action litigation.") Accordingly, this factor weighs in favor of a stay.

The final factor is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. Arguably, the Supreme Court's decision in *Concepcion* will simplify the present issue in this case, namely, whether the Arbitration Clause in Defendants' Agreement is valid and enforceable. If it is, then this Court's inquiry will be limited to whether Plaintiff's claims fall within the scope of the Arbitration Clause. If they do, then Plaintiff will be compelled to arbitrate

those claims and this case may be dismissed. If the claims do not fall within the scope of the Arbitration Clause, then this case will proceed on its merits. The threshold nature of the arbitration issue, however, supports the imposition of a stay pending the outcome of *Concepcion*. Accordingly, the Court grants Defendants' motion to stay this proceeding.

### III.

### CONCLUSION AND ORDER

For these reasons, the Court denies Defendants' motion to compel but grants Defendants' motion to stay. The Court shall administratively close this case pending the ruling in *Concepcion*.

**IT IS SO ORDERED.**

DATED: August 2, 2010

HON. DANA M. SABRAW
United States District Judge